# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAKISHA NASH, *and behalf of the Estate of Joshua Grant*,<br><br>                Plaintiff,<br><br>v.<br><br>AURORA HEALTH CARE INC., BELLIN HEALTH, and PREVEA HEALTH,<br><br>                Defendants. | Case No. 24-CV-348-JPS<br><br><br>**ORDER** |

1.      **INTRODUCTION**

      Plaintiff Lakisha Nash, ostensibly on "behalf of the Estate of [her son] Joshua Grant" and proceeding pro se ("Plaintiff"), sues Defendants Aurora Health Care Inc. ("Aurora"), Bellin Health ("Bellin"), and Prevea Health ("Prevea") (collectively, "Defendants"). ECF No. 1. She also moves for leave to proceed in forma pauperis. ECF No. 2. This Order screens her complaint and addresses her motion for leave to proceed in forma pauperis.

      For the reasons discussed herein, the Court concludes that Plaintiff cannot proceed pro se unless she demonstrates to the Court, on or before **Thursday, May 9, 2024** that she is the sole beneficiary of her adult son, Joshua Hakeem Grant's ("Grant"), estate. If she is not the sole beneficiary, she will be required to obtain legal representation and file proof of having done so on or before **Monday, June 17, 2024**. The Court also concludes that while Plaintiff may not proceed on various of the claims she purports to raise, she would be entitled to leave to amend to attempt to raise others, should she satisfactorily comply with the Court's directives regarding her

pro se status. Pending said compliance, the Court will defer disposition of her motion for leave to proceed in forma pauperis.

**2.    MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915,[1] is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

Page 2 of 19
Case 2:24-cv-00348-JPS    Filed 04/18/24    Page 2 of 19    Document 4

it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court declines to analyze at this juncture whether Plaintiff is indigent because, as it discusses *infra* Section 3, there are barriers to Plaintiff proceeding with this lawsuit that must first be addressed. The Court will accordingly defer ruling on Plaintiff's motion for leave to proceed in forma pauperis.

3.  **SCREENING THE COMPLAINT**

    3.1  **Legal Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C.

Page 3 of 19
Case 2:24-cv-00348-JPS   Filed 04/18/24   Page 3 of 19   Document 4

§ 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678)

(internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

The Court discerns the following from Plaintiff's complaint. Grant suffered from depression, autism, ADHD, and bipolar disorder. ECF No. 1 at 3–4. He at some point went under the care of Dr. Charles Korankye ("Korankye"), a family medicine physician at Prevea. *Id.* at 3. Korankye prescribed Grant Quetiapine and Fluoxetine, but Plaintiff avers that Korankye failed to provide sufficient warnings about "how dangerous these drugs were" as well as the attendant increased risk of suicide. *Id.*

On March 22, 2021, Plaintiff called Bellin's crisis hotline "seeking relief for [her] son" after he began demonstrating suicidal behaviors "such as falling head first [sic] to the floor and slamming his head [on] the walls." *Id.* at 3–4. Bellin "denied [Grant] as a patient and referred him back to his primary care physician." *Id.* at 4. Plaintiff avers that this violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"). *Id.*

On March 23, 2021, Plaintiff discovered Grant unresponsive with "two empty bottles of Quetiapine and Fluoxetine prescription medications on the floor." *Id.* Attempts at reviving him were unsuccessful.

Plaintiff also avers that Aurora "ignored [Grant's] constant pleas for help," wrongly discharged Grant as a patient, and "asked [her] to leave [Grant] while they questioned him," although she does not specify when this occurred. *Id.*

Page 5 of 19
Case 2:24-cv-00348-JPS    Filed 04/18/24    Page 5 of 19    Document 4

She alleges that this all contributed to Grant's suicide. *Id.* She also avers that she believes Grant's race and disability "played a major role" in his denial of care and in the way he was treated. *Id.*

She purports to sue for a violation of federal law under 28 U.S.C. § 1331. *Id.* at 5. She seeks to recover compensatory damages including for funeral expenses, loss of future income, and loss of companionship. *Id.*

### 3.3 Analysis

From her allegations, the Court discerns that Plaintiff attempts to raise a federal claim under EMTALA in addition to state law claims of wrongful death, loss of consortium, and medical negligence/malpractice (including a claim for Korakye's alleged "breach of [his] duty to inform under Wis. Stat. § 448.30," *i.e.*, "an informed consent claim," *see Hubbard v. Neuman*, App. No. 2023AP255, 2024 Wisc. App. LEXIS 250, ¶ 21 (Wis. Ct. App. Mar. 21, 2024)). She also alludes to claims of race- and disability-based discrimination. The Court below addresses the cognizability and viability of those claims, as well as any barriers to proceeding with this action in federal court.

#### 3.3.1 Proceeding Pro Se on Behalf of an Estate

As an initial matter, Plaintiff proceeds pro se and purports to sue on behalf of the estate of her son. Whether she may do so is not clear at this juncture. "Although individuals have a right to proceed pro se, *see* 28 U.S.C. § 1654; *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam), administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). "Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Id.* (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) and

Page 6 of 19
Case 2:24-cv-00348-JPS   Filed 04/18/24   Page 6 of 19   Document 4

*Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)); *see also Arnold v. Indiana*, No. 22-2750, 2023 U.S. App. LEXIS 16132, at *5 (7th Cir. June 27, 2023) ("[A] non-attorney representative of an estate with multiple beneficiaries . . . cannot litigate pro se because doing so would be representing another party in litigation without a law license." (citing 28 U.S.C. § 1654 and *Malone*, 474 F.3d at 937)). Only if she is the sole beneficiary of Grant's estate can Plaintiff proceed pro se in representing his estate. The Court will accordingly order Plaintiff to inform the Court, by filing, on or before **Thursday, May 9, 2024**, whether she is the sole beneficiary of Grant's estate. If she is not, then she is ordered to obtain legal representation on or before **Monday, June 17, 2024** or otherwise risk dismissal without prejudice of her case.

### 3.3.2    Potential Federal Claims

Having addressed that threshold issue, the Court proceeds to addressing whether Plaintiff may proceed in federal court on the claims she purports to raise.

#### 3.3.2.1 EMTALA

First, Plaintiff alleges that Defendants' treatment of Grant violated EMTALA, 42 U.S.C. § 1395dd.[2] For the reasons discussed herein, and on the record now before it, Plaintiff cannot proceed on this claim.

Section 1395dd(a) states that

> [i]n the case of a hospital that has a hospital emergency department, if any individual . . . comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available

---

[2] EMTALA provides for a private civil cause of action. § 1395dd(d)(2).

to the emergency department, to determine whether or not an emergency medical condition . . . exists.

42 U.S.C. § 1395dd(a). EMTALA also includes a stabilization provision, which provides that

> [i]f any individual . . . comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either . . . within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or . . . for transfer of the individual to another medical facility in accordance with subsection (c).

§ 1395dd(b)(1)(A)–(B).

An "emergency medical condition" under EMTALA is defined as one "manifesting itself by acute symptoms of sufficient severity . . . such that the absence of immediate medical attention could reasonably be expected to result in . . . placing the health of the individual . . . in serious jeopardy . . . ." § 1395dd(e)(1). Apparent suicidal behavior can, in some circumstances, constitute an "emergency medical condition" under EMTALA. *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 585 (6th Cir. 2009) ("[A] mental health emergency could qualify as an 'emergency medical condition' under the plain language of [EMTALA]."); *Sabo v. UPMC Altoona*, 386 F. Supp. 3d 530, at 562–63 (W.D. Pa. 2019) (collecting cases).

However, EMTALA requires that an action must be brought within two years of the date of the alleged violation. § 1395dd(d)(2)(C). The events underlying Plaintiff's EMALA claim(s) occurred in March 2021. Plaintiff filed this action in March 2024—a year late. *See Curry v. Advocate Bethany Hosp.*, 204 F. App'x 553, 557 (7th Cir. 2006) ("Expiration of a statute of

limitations is an affirmative defense, but 'when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.'") (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)). Accordingly, and unless Plaintiff could make some sort of tolling or equitable estoppel showing to excuse the untimeliness of her suit, *see id.* (discussing equitable estoppel in EMTALA statute of limitations context), her EMTALA claims against Defendants are barred.

There is no indication that Plaintiff could succeed with any such tolling or equitable estoppel argument; she pleads to having been aware of the basis for her claims since March 2021. *See Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 506 (7th Cir. 1999) ("[I]f a reasonable person in the plaintiff's position would have been aware within the limitations period of the possibility that its rights have been violated, then equity does not toll the limitations period.") (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) and *Hentosh v. The Chi. Med. Sch.*, 167 F.3d 1170, 1175 (7th Cir. 1999)); *see also Leon v. FCA US, LLC*, No. 16-cv-3228, 2020 U.S. Dist. LEXIS 66056, at *15 (C.D. Ill. Apr. 2020) ("[The plaintiff] cannot rely on equitable tolling because she knew she had a claim immediately after the [events at issue]."). Accordingly, the Court need not grant her leave to amend her complaint to attempt to address the statute of limitations issue. *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)).

### 3.3.2.2 Americans with Disabilities Act ("ADA")

Plaintiff also pleads that she believes Grant's disability "played a major role" in his denial of care and his treatment by Defendants. ECF No. 1 at 4. She pleads that Grant had autism, bipolar disorder, ADHD, and

Page 9 of 19
Case 2:24-cv-00348-JPS    Filed 04/18/24    Page 9 of 19    Document 4

depression. *Id.* For the reasons discussed herein, Plaintiff cannot proceed on a claim under the ADA.

Title III of the ADA, 42 U.S.C. § 12182(a), provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases . . . , or operates a place of public accommodation. The ADA defines "public accommodation" to include "hospital[s]" and "professional office[s] of a health care provider." § 12181(7)(F).

While "the ADA does not contain its own limitation period," it adopts "the most appropriate state limitations period." *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1037 (7th Cir. 2021) (quoting *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013)). For a Title III ADA claim, courts typically refer to the forum state's personal injury statute of limitations. *See, e.g., id.* (applying two-year Indiana statute of limitations for personal injury claims to the plaintiff's Title III ADA claim) (citations omitted); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 n.3 (7th Cir. 1996). The statute of limitations in Wisconsin for actions to recover for wrongful death or personal injury is three years. Wis. Stat. § 893.54. The statute of limitations therefore does not appear to bar Plaintiff's Title III ADA claim.

However, damages are not available to private parties such as Plaintiff under Title III of the ADA, and damages are the only relief that Plaintiff seeks to recover. *Scherr*, 703 F.3d at 1075; ECF No. 1 at 5. An ADA plaintiff can typically only receive injunctive relief. *Scherr,* 703 F.3d at 1075 (citing 42 U.S.C. § 12188(a)(1)). Moreover, injunctive relief under the ADA

is only available to a plaintiff who "is being subjected to discrimination on the basis of disability in violation of [the ADA] or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title." 42 U.S.C. § 12188(a)(1). Because Grant has passed away, it cannot be said that he either is currently being subjected to discrimination in violation of the ADA nor that he is "about to be subjected" to any such discrimination. *Id.*

Plaintiff therefore lacks standing to sue under the ADA and cannot proceed on that claim. *Thompson v. Ortiz,* 619 F. App'x 542, 544 (7th Cir. 2015) ("[A] plaintiff . . . lacks standing for injunctive relief where he alleges only a past injury and where there is no threat that the challenged future conduct will in fact recur and harm him.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983) and *Perry v. Sheahan*, 222 F.3d 309, 313–14 (7th Cir. 2000)); *see also Fuller v. Patel*, No. 23-cv-1307-pp, 2024 U.S. LEXIS 3411, at *9 (E.D. Wis. Jan. 8, 2024). ("The facts alleged in the complaint suggest that relief [under the ADA] is not available . . . because [the victim] no longer is being subjected to the alleged discrimination."). This is not an issue that Plaintiff could resolve through amendment of her complaint, and so the Court may dismiss the ADA claim outright without granting leave to amend. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015) (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)).

### 3.3.2.3 Equal Protection Clause

Nor does Plaintiff have a viable Equal Protection Clause claim. "The Equal Protection Clause prohibits intentional racial discrimination by state and local officials . . . ." *Taylor v. Ways*, 999 F.3d 478, 487 (7th Cir. 2021). In order to state an equal protection claim, a plaintiff must allege that the

defendant "acted with discriminatory intent." *Dunnet Bay Constr. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015) (quoting *Franklin v. City of Evanston*, 384 F.3d 838, 846 (7th Cir. 2004)). Plaintiff avers that she "believe[s] [Grant's] race and disability played a major role in" his denial of treatment, ECF No. 1 at 4, but that is not the same as alleging that Defendants *intentionally* discriminated against Grant based on his protected status.

More irremediably, however, Plaintiff fails to allege that the discrimination is attributable to state action. "Critically, it must be the government, not a private entity, that undertook the discriminatory action." *Levan Galleries LLC v. City of Chicago*, 790 F. App'x 834, 835 (7th Cir. 2020) (citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) ("Racial discrimination . . . violates the Constitution only when it may be attributed to state action.")). Defendants are private entities, and Plaintiff does not allege that they acted under color of state law in allegedly discriminating against Grant. Nor could she; "private medical care providers . . . 'are consistently held not to be state actors even if they participate in . . . Medicaid and Medicare programs . . . ." *Harris v. Wis. Dialysis, Inc.*, No. 08-cv-283-slc, 2008 U.S. Dist. LEXIS 47024, at *8–9 (W.D. Wis. June 17, 2008) (quoting *Ridlen v. Four Cnty. Counseling Cntr.*, 809 F. Supp. 1343, 1349 (N.D. Ind. 1992) and citing *Ezpeleta v. Sisters of Mercy Health Corp.*, 800 F.2d 119 (7th Cir. 1986) and *Tunca v. Lutheran Gen. Hosp.*, 844 F.2d 411 (7th Cir. 1988)). Accordingly, Plaintiff cannot proceed on an Equal Protection Clause claim, and she is not entitled to leave to amend to attempt to state such a claim.

### 3.3.2.4 Title VI, the Rehabilitation Act, and the Affordable Care Act

The Court next evaluates whether Plaintiff may proceed on claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VI"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"), and/or the Affordable Care Act (the "ACA").[3] For the reasons discussed herein, Plaintiff has not sufficiently pleaded claims under these bodies of law, but the Court cannot conclude at this juncture that she necessarily could not do so.

Private medical facilities such as Defendants can, conceivably, be subject to suit under these federal bodies of law as recipients of federal funding—for example, through the Medicaid and Medicare programs. *See, e.g., Cannon v. Univ. of Chicago,* 441 U.S. 677, 695 n. 17 (1979) ("Although Title IX is applicable only to certain educational institutions receiving federal financial assistance, Title VI is applicable to additional institutions such as *hospitals* . . . and housing authorities.") (emphasis added); *Grzan v. Charter Hosp.,* 104 F.3d 116, 120 (7th Cir. 1997) ("Charter Hospital admits . . . that it receives federal financial assistance and thus potentially is subject to liability under section 504.").

The Rehabilitation Act, for example "prohibits disability discrimination," but it applies only to entities that receive federal funding, and Plaintiff "does not allege that any of the defendants receive federal funding." *Fuller*, 2024 U.S. LEXIS 3411, at *9. The same is true with respect to both Title VI and the ACA. "[T]he [ACA] outlaws discrimination on . . . grounds [including race and disability] . . . by healthcare entities receiving

---

[3]Although Plaintiff does not explicitly reference these bodies of law, the Court nevertheless analyzes whether she may state claims thereunder due to the Court's obligation to "liberally construe [a] pro se plaintiff's pleadings" so that she is given "fair and meaningful consideration." *Pearson v. Gatto*, 933 F.2d 521, 527 (7th Cir. 1991) (quoting *Haines*, 404 U.S. at 106).

federal funds." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1569 (2022) (citing 42 U.S.C. § 18116). Similarly, "Title VI . . . forbids race . . . discrimination [only] in federally funded programs or activities." *Id*. That the defendant "receives federal financial assistance" is an element that the plaintiff must plead to state a claim under those bodies of law. *Grzan*, 104 F.3d at 119 (citing *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1492 (10th Cir. 1992); *Cushing v. Moore*, 970 F.2d 1103, 1107 (2d Cir. 1992); and *Byrne v. Bd. of Educ., Sch. of W. Allis–W. Milwaukee*, 979 F.2d 560, 563 (7th Cir. 1992)).

Plaintiff has not pleaded that any Defendant receives federal funding. However, the Court cannot conclude that she necessarily could not do so. Accordingly, and assuming that Plaintiff complies with the Court's directives *supra* Section 3.3.1, the Court would be constrained to allow Plaintiff the opportunity to appropriately plead, if true, Defendants' receipt of federal funding.

The federal funding element is not the only issue, however. To state a claim under Title VI, a plaintiff must allege intentional discrimination. *Dunnet Bay Constr. Co.*, 799 F.3d at 697 (citing *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)). And while Plaintiff does not have to allege intentional discrimination to state a claim under the Rehabilitation Act, she does have to do so in order to be entitled to recover compensatory damages, which is the sole relief she purports to seek. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2015) (citing *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) and *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 & n.4 (7th Cir. 2014)).[4]

---

[4]It appears that a race-based discrimination claim under the ACA would require an allegation of intentional discrimination, while a disability-based discrimination claim under the ACA would not, since "[s]ection 1557 [of the ACA]

As noted above, Plaintiff avers that she "believe[s] [Grant's] race and disability played a major role in" his denial of treatment, ECF No. 1 at 4, but that is not the same as alleging that Defendants *intentionally* discriminated against Grant based on his race or disability. In the absence of such an allegation, Plaintiff cannot recover any of the damages she seeks, and cannot proceed at all on a Title VI claim or an ACA claim premised on race discrimination. This deficiency is, however, something that Plaintiff could conceivably address through amendment of her complaint.[5]

---

expressly incorporates four federal civil rights statutes that provide the protected grounds . . . and accompanying burdens of proof . . . ." *Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501, 520 (S.D.N.Y. 2018) (citing 42 U.S.C. § 18116(a) and *Se. Pa. Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 696 (E.D. Pa. 2015)); *see also Lucas v. VHC Health*, No. 1:22-cv-00987 (PTG/JFA), 2023 U.S. Dist. LEXIS 153820, at *9 (E.D. Va. Aug. 30, 2023) ("To state a claim for a Section 1557 violation under the ACA, Plaintiff must allege facts adequate to state a claim under one of the four federal nondiscrimination statutes incorporated into Section 1557 . . . . Because Plaintiff speaks of both race and disability discrimination in her Complaint, the Court will analyze whether Plaintiff has alleged facts adequate to state a claim of race discrimination under Title VI . . . and disability discrimination under the Rehabilitation Act.") (citing *Basta v. Novant Health Inc.*, 56 F.4th 307, 314–15 (4th Cir. 2022)); *see also Lemon v. Aurora Health Care N. Inc.,* 2020 U.S. Dist. LEXIS 246762, at *10 (E.D. Wis. July 13, 2020) ("To state a claim for damages [for racial discrimination] under [Title VI and § 1557 of the ACA], a plaintiff must plead facts that support a finding of intentional discrimination.") (citing *Sandoval*, 532 U.S. at 280). However, as noted *supra,* as long as Plaintiff seeks compensatory damages, she would be required to plead intent regardless of the statute she invokes.

[5]Any claim that Plaintiff might attempt to raise under Title VI would not appear to be time barred. "For actions . . . including Title VI, courts continue to borrow the limitations period from state law." *Monroe v. Columbia Coll. Chi.*, 990 F.3d 1098, 1099 & n.1 (7th Cir. 2021) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). "[A] Title VI claim . . . is one that ultimately seeks to vindicate personal rights," and "[a]s such, it should be governed by the limitations period that a state has specified for personal injury claims." *Id.* at 1100. As noted, the relevant statute of limitations is three years, so any Title VI claim that Plaintiff might attempt to raise would not be time barred.

### 3.3.3 Potential State Claims and Diversity Jurisdiction

As the Court noted above, Plaintiff also sues Defendants under state law for wrongful death, medical malpractice/negligence, and loss of consortium. However, as the Court concludes *supra* Section 3.3.2, Plaintiff has not yet successfully stated a federal claim for relief. She has not, therefore, demonstrated an entitlement to proceed with her action in federal court under 28 U.S.C. § 1331, which gives the Court subject matter jurisdiction over cases arising under the federal Constitution and federal laws. If Plaintiff can state a federal claim, the Court may have supplemental jurisdiction over her state law claims. 28 U.S.C. § 1367. However, if her federal claims ultimately do not proceed, she would only be raising state law claims and thus would have to meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332. *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) (suit arising solely under state law must rely on diversity jurisdiction under § 1332). But § 1332 requires complete diversity between the parties, which this action lacks. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). Plaintiff avers that she is a citizen of Wisconsin. ECF No. 1 at 1. Defendants are corporations, so they are considered citizens both of their "state of incorporation and the state in which [they] maintain [their] 'principal place

---

The same is true with respect to any claim that Plaintiff might attempt to raise under the Rehabilitation Act, as well as under the Equal Protection Clause. *Untermyer v. Coll. of Lake Cnty.*, 284 F. App'x 328, 330 n.1 (7th Cir. 2008); *Bonchek v. Nicolet Unified Sch. Dist.*, No. 19-CV-425-JPS, 2019 U.S. Dist. LEXIS 219788, at *24 (E.D. Wis. Dec. 23, 2019) (citing *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993)).

of business.'" *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (quoting 28 U.S.C. § 1332(c)(1)). Defendants are incorporated in Wisconsin.[6] Plaintiff may not, therefore, proceed under § 1332.

In the absence of any properly pleaded federal claim for relief such that the Court would have subject matter jurisdiction over this case, and before Plaintiff has demonstrated that she may proceed pro se on behalf of Grant's estate, the Court will defer any further analysis with respect to the cognizability of Plaintiff's state law claims.

**4. CONCLUSION**

As discussed herein, Plaintiff cannot proceed pro se in this action unless she is the sole beneficiary of Grant's estate. More importantly, the Court concludes that Plaintiff has not yet stated a claim for relief arising under the U.S. Constitution or federal law and cannot, therefore, proceed in federal court under 28 U.S.C. § 1331. Nor can she proceed under 28 U.S.C. § 1332 because this action lacks complete diversity.

The Court has concluded that any attempt at amending her complaint to properly state claims under EMTALA, the ADA, or the Equal Protection Clause would be futile: any EMTALA claim is barred by the statute of limitations; any Title III ADA claim is barred by Plaintiff's lack of standing to pursue injunctive relief, which is the only relief available to her under that statute; and any Equal Protection claim is barred due to the lack of state action. However, the Court cannot yet conclude the same with respect to the other potential federal claims addressed herein, under Title

---

[6]Prevea Health Services, Inc., Wisconsin Department of Financial Institutions, available at https://perma.cc/6KXN-U885; Bellin Gundersen Health System, Inc., Wisconsin Department of Financial Institutions, available at https://perma.cc/Z226-J5B7; Aurora Health Care, Inc., Wisconsin Department of Financial Institutions, available at https://perma.cc/J98F-RJ75.

VI, the Rehabilitation Act, and/or the ACA. The Court is therefore constrained to grant Plaintiff leave to amend her complaint as to those claims, subject first to her compliance with the Court's directives *supra* Section 3.3.1.

Plaintiff's first order of business, therefore, is to inform the Court, by filing on or before **Thursday, May 9, 2024**, whether she is the sole beneficiary of Grant's estate. If she is not, then she will need to obtain legal representation and file proof of having done so on or before **Monday, June 17, 2024**. If she is not the sole beneficiary of Grant's estate and does not timely obtain counsel, the Court will dismiss her case without prejudice. If she is the sole beneficiary of Grant's estate, she may proceed pro se, in which case the Court would enter an order providing further instructions for filing an amended complaint and a deadline by which to do so. If she does not inform the Court one way or the other, or otherwise fails to comply with these directives, her case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff Lakisha Nash shall inform the Court, by filing on the docket on or before **Thursday, May 9, 2024**, whether she is the sole beneficiary of Joshua Grant's estate; if she is not, then she is ordered to obtain legal counsel and file proof of having done so on or **Monday, June 17, 2024**. Failure to comply with these directives will result in dismissal of this case without prejudice.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller

Page 18 of 19
Case 2:24-cv-00348-JPS    Filed 04/18/24    Page 18 of 19    Document 4

U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.